## AL SIEG v. A. M. WAGNER.[1]

January 27, 1928.

No. 26,482.

**Evidence made issues of negligence and contributory negligence questions for jury.**

[1] In an automobile collision at a street intersection, where plaintiff had the right of way if both approached the intersecting lines at about the same moment and speed, the evidence made the defendant's negligence and plaintiff's contributory negligence jury issues.

**Passion or prejudice of the jury was not shown by amount of verdict.**

[2] The verdict of $2,000 for a dislocated ankle is not so excessive as to demonstrate that the jury were actuated by passion and prejudice.

Damages, 17 C. J. p. 1112 n. 81.
Motor Vehicles, 42 C. J. p. 1249 n. 92; p. 1264 n. 74.

[1]Reported in 217 N. W. 493.

See 2 R. C. L. 1186; 1 R. C. L. Supp. 725; 4 R. C. L. Supp. 149; 5 R. C. L. Supp. 135; 6 R. C. L. Supp. 130.

See note in L. R. A. 1915F, 30; 48 A. L. R. 1230.

Action in the district court for Hennepin county to recover damages for personal injuries. There was a verdict for the plaintiff, and defendant appealed from an order, Salmon, J. denying his motion for a new trial. Affirmed.

*Edward Chalgren,* for appellant.

*Neil Hughes* and *Watson, Johnson & Nevius,* for respondent.

PER CURIAM.

[1] At a right-angle intersection of two streets in Minneapolis, there was a collision between plaintiff's Ford truck traveling north and defendant's Buick car traveling east. There is a sharp conflict in the evidence as to who reached the intersecting curb lines first, and as to the speed, especially of plaintiff's truck. The result of the collision of the vehicles was that the truck struck the curb at the northeast corner tipping over on its right side, the front pointing in a northwesterly direction and the left running board behind the cab being crushed in. The Buick remained practically in the same position where the collision took place, the radiator staved in, the left front lamp broken, and the front part of the frame twisted to the left. Other things being the same as to the approach to the intersecting curb lines of the two streets, plaintiff had the right of way. There was some testimony of an admission by defendant that the sun blinded him so that he could not see the approach of the truck. There is nothing in the physical facts connected with the collision which conclusively established that defendant was free from negligence or that plaintiff was negligent and such negligence contributed to the mishap. The issue of negligence as to both must therefore be left to the conflicting testimony of witnesses—peculiarly the province of the jury to solve.

[2] No fault was found in respect to the items of damages as submitted in the charge, nor is there any assignment of error on that score before us. The case was loosely tried. There were allegations of medical and hospital expenses in quite an amount but no

proof. The value of lost time in the sum of $960 was also alleged, but there was no proof of wages or earning ability. The former was withdrawn by the court, but the latter submitted. The jury found the damages for pain and suffering, lost time, and permanent injury to be $2,000. There may be included therein an estimate by the jury of the value of lost time but, as stated, appellant is not now in a position to question an allowance therefor. Although no bones were fractured in the ankle, it was so severely dislocated that the sole of the foot lay at right angles with the shin bone, and plaintiff had not regained the full use of the foot at the trial, a year and a half after the accident. There is also evidence of a permanent defect. It cannot be held by this court that the size of the verdict, approved by the trial court, indicates that passion and prejudice actuated the jury.

The order is affirmed.